**In re Donald L. KOKENGE, Jr., Debtor.**

**Thomas Jason Guthrie and Mark Williamson, Plaintiffs,**

**v.**

**Donald L. Kokenge, Jr., Defendant.**

**Bankruptcy No. 01–36087. Adversary No. 02–3033.**

United States Bankruptcy Court, E.D. Tennessee.

June 27, 2002.

Jenkins & Jenkins Attys., PLLC, Michael H. Fitzpatrick, Knoxville, Tennessee, for plaintiffs.

Hubert Patty, Maryville, Tennessee, for defendant.

### MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The Plaintiffs filed a Complaint on February 12, 2002, alleging that the personal injury damages owed to them by the Debtor are nondischargeable under 11 U.S.C.A. § 523(a)(6) (West 1993). Now before the court is the "Motion for Summary Judgment on Behalf of Defendant Donald L. Kokenge, Jr." filed on May 1, 2002. The Plaintiffs filed a "Response of Plaintiffs to Defendant's Motion for Summary Judg-

ment" (Response) on May 9, 2002, with supporting affidavits and deposition transcripts.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

## I

The Debtor filed his Chapter 7 Petition on December 11, 2001. Plaintiffs Mark Williamson and Thomas Jason Guthrie are scheduled as the holders of $353,658.39 and $1,590,144.75 unsecured claims, respectively. The claims arise from a verdict entered March 30, 2001, in the United States District Court for the Eastern District of Tennessee.

The Plaintiffs filed the district court suit after being injured while passengers in an automobile driven by the Debtor. On the night of November 28, 1997, the parties were either "cruising to look for pretty girls" or "just driving around" in Gatlinburg, Tennessee. At some point, the Debtor lost control of his vehicle after exiting a tunnel. The accident caused injury to the Debtor and each Plaintiff.

According to the Plaintiffs, the accident occurred while the Debtor was attempting to race against a Camaro on a winding mountain road ("with snow on the ground") at speeds in excess of ninety miles per hour. The Debtor's version of the facts is far less detailed, but he does acknowledge "that the vehicle might have been operated in a reckless manner."

## II

Pursuant to § 523(a)(6) of the Bankruptcy Code, a discharge under Chapter 7 "does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C.A. § 523(a)(6) (West 1993). The Supreme Court has interpreted the § 523(a)(6) "willfulness" component as re-

quiring a "deliberate or intentional injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 977–78, 140 L.Ed.2d 90 (1998). The Sixth Circuit, interpreting *Geiger*, has held that "unless the actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it, he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999) (internal citation and quotation omitted).

Conversely, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Geiger*, 118 S.Ct. at 978. That a reasonable debtor "should have known" that his conduct risked injury to others is simply insufficient. *Markowitz*, 190 F.3d at 465 n. 10. Instead, the debtor must "will or desire harm, or believe injury is substantially certain to occur as a result of his behavior." *Id.* Simply put, § 523(a)(6) requires deliberate or intentional injury. *Geiger*, 118 S.Ct. at 977.

The party objecting to discharge under § 523(a) bears the burden of proof by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 660, 112 L.Ed.2d 755 (1991). Summary judgment is warranted where the objecting party "fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 113 S.Ct. 1689, 1694, 123 L.Ed.2d 317. (1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

The court has reviewed the Plaintiffs' Response, their brief, their affidavits, and more than 150 pages of deposition testimony. The court has, as it must, believed every scintilla of the Plaintiffs' evi-

544

dence and has drawn every justifiable inference in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Even in that favorable light, the Plaintiffs have failed to make a sufficient showing on the one material element of their case presently at issue—the willfulness of the Debtor's conduct.

The Plaintiffs ask the court to infer, from the "outrageousness" of the Debtor's driving, that he "willfully" wrecked his car and caused injury to the Plaintiffs. However, their evidence, if believed in full, shows only that the Debtor intentionally drove his car in an irresponsible and unjustified manner at high speeds while intentionally racing on a winding mountain road. There is not one shred of evidence, however, supporting the material point at issue—that the Debtor intended to (or believed it was "substantially certain" that he would) injure the Plaintiffs by wrecking his car.

In sum, the Plaintiffs' evidence points to but one reasonable conclusion—that the Debtor acted recklessly. "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Geiger*, 118 S.Ct. at 978. The Motion for Summary Judgment on Behalf of Defendant Donald L. Kokenge, Jr. must therefore be granted.

The Plaintiffs' Complaint will be dismissed. An appropriate order will be entered.