**In re Guy Ransom JENKINS, II, Debtor.**

No. 03–34736.

United States Bankruptcy Court, E.D. Tennessee.

Aug. 16, 2005.

---

Law Office of Herbert S. Moncier, David S. Wigler, Esq., Knoxville, TN, for Movant, Verna Wood.

Angela R. Morelock, Esq., Knoxville, TN, for the Debtor.

*MEMORANDUM ON MOTIONS TO RE-OPEN BANKRUPTCY CASE TO PERMIT FILING OF MOTION TO MODIFY OR AMEND THE ORDER OF DISCHARGE AND FOR RELIEF FROM THE DISCHARGE INJUNCTION*

RICHARD STAIR, JR., Bankruptcy Judge.

This contested matter is before the court on the Motion to Modify or Amend the Order of Discharge and for Relief from the Discharge Injunction and on the Motion to Re-Open Bankruptcy Case to Permit Filing of Motion to Modify or Amend the Order of Discharge and for Relief from the Discharge Injunction (collectively, Motions) filed by Verna Wood on July 8, 2005. Succinctly stated, the relief sought by Ms. Wood is that she be allowed to file a complaint against the Debtor for conversion in the Circuit Court for Knox County, Tennessee. The court set the Motions for hearing on August 11, 2005. Neither the Debtor nor his counsel appeared or otherwise opposed the Motions. The court nevertheless denied Ms. Wood's Motions, and files this Memorandum to clarify the legal issues involved. For the purposes of this Memorandum, and because the Debtor has not appeared in opposition to the Motions, the court deems the averments therein to be admitted.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

**I**

In August 2002, Ms. Wood was the owner of a 40–foot Holiday Mansion houseboat that she docked at Volunteer Marina in Knox County, Tennessee. On August 24, 2002, the Debtor and Robert Toole falsely represented to persons at the Marina that the Debtor was Ms. Wood's grandson and that Mr. Toole was a prospective purchaser of the houseboat, and that they had Ms. Wood's permission to take the houseboat. After taking the houseboat from the Marina, the Debtor and Mr. Toole damaged its engines and drive components. Additionally, after causing this extensive mechanical damage to the houseboat, the Debtor and Mr. Toole cause it to collide with the Marina, resulting in extensive structural damage.

The Debtor filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on August 25, 2003, and he received a discharge on January 5, 2004. The Debtor did not list Ms. Wood as a creditor in his bankruptcy statements and schedules, nor did he provide her with notice of his bankruptcy case. On July 8, 2005, Ms. Wood filed her Motions, asking the court to re-open the Debtor's case so that she could obtain "an order modifying the Debtor's discharge" and a modification of the discharge injunction to allow her to file a

lawsuit for conversion against the Debtor in the Circuit Court for Knox County, Tennessee.[1]

## II

■ The court derives its authority to reopen a closed bankruptcy case from 11 U.S.C.A. § 350(b), which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 2004). The decision to re-open a case is within the sound discretion of the judge. *See Rosinski v. Boyd (In re Rosinski),* 759 F.2d 539, 540–41 (6th Cir.1985). In making its determination, the court "must strike a balance between the rights of [the affected] creditors on the one hand and the policy of the fresh start afforded to Debtor by operation of Chapter 7 of the Bankruptcy Code." *In re Frasier,* 294 B.R. 362, 366 (Bankr.D.Colo.2003).

■ Because the statute does not define "cause" for reopening a closed case, motions to reopen are decided on a case by case basis, based upon the equities of each individual case. *See In re Kapsin,* 265 B.R. 778, 779–80 (Bankr.N.D.Ohio 2001). Nevertheless, courts do not reopen cases if doing so would be futile. *In re Phillips,* 288 B.R. 585, 587 (Bankr.M.D.Ga.2002); *accord Chanute Prod. Credit Assoc. v. Schicke (In re Schicke),* 290 B.R. 792, 798 (10th Cir. BAP 2003) ("A bankruptcy court that refuses to reopen a Chapter 7 case that has been closed will not abuse its discretion if it cannot afford the moving party any relief in the reopened case.").

■ Here, Ms. Wood's Motions will be denied because it is not necessary for the court to reopen the Debtor's case in order for her to obtain the requested relief. One of the primary goals of the Bankruptcy Code is to relieve an honest but unfortunate debtor of his indebtedness so that he may make a fresh start. *In re Williams,* 291 B.R. 445, 446 (Bankr.E.D.Tenn.2003) (quoting *In re Krohn,* 886 F.2d 123, 125 (6th Cir.1989)) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). This is accomplished through discharge. *Williams,* 291 B.R. at 446 ("A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt.") (quoting *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 53 (5th Cir.1993)). In a Chapter 7 case, once a discharge is granted, the debtor is no longer liable for any pre-petition debts "[e]xcept as provided in section 523 of this title[.]" 11 U.S.C.A. § 727(b) (West 2004).

■ Once a discharge order is entered, the "discharge injunction" attaches. In other words, the discharge itself "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, … [.]" 11 U.S.C.A. § 524(a)(2) (West 2004). By virtue of this permanent injunction, creditors may not attempt to collect a discharged pre-petition debt. *See In re Leonard,* 307 B.R. 611, 613 (Bankr.E.D.Tenn.2004) ("Section 524(a) was designed to 'ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it.' ") (quoting *Stoneking v. Histed (In re Stoneking),* 222 B.R. 650, 652 (Bankr. M.D.Fla.1998)) (quoting H.R. Rep., No. 595, 95th Cong., 1st Sess. 364 (1977)).

---

1. This Memorandum focuses, in large part, on the discharge injunction. Ms. Wood's request for an order modifying the discharge is subsumed by that discussion and need not, therefore, be considered.

■ Nevertheless, "[t]he discharge injunction applies only to dischargeable debts." *Payne v. United States (In re Payne)*, 306 B.R. 230, 233 (Bankr.N.D.Ill. 2004). Since "the protections offered under § 524(a) are dependent upon an application of § 727(b) to identify those debts that are actually discharged and thus subject to the 524(a) protections. … for so long as there remains a possibility that a particular debt could be declared non-dischargeable under the provisions of § 523, the permanent applicability of the § 524(a) protections to such debt cannot be determined." *In re Schultz*, 251 B.R. 823, 830 (Bankr.E.D.Tex.2000).

■ The bankruptcy court does possess the authority to modify the discharge injunction. *See, e.g., Hendrix v. Page (In re Hendrix)*, 986 F.2d 195, 198 (7th Cir. 1993) ("[A]lthough the Bankruptcy Code does not expressly authorize the modification of a discharge, … any court that issues an injunction can modify it for good cause on the motion of a person adversely affected by it."); *Schultz*, 251 B.R. at 826–27 ("[A] bankruptcy court's ability to modify the § 524 injunction is consistent with the Code's policy of maintaining control over the bankruptcy discharge and avoiding misinterpretation and abuse in other courts."). "Determining whether relief from the permanent injunction is warranted under appropriate circumstances should be analyzed pursuant to a cause standard." *In re Fucilo*, No. 00–36261, 2002 WL 1008935, at *9, 2002 Bankr.LEXIS 475, at *26 (Bankr.S.D.N.Y. Jan.24, 2002).

[The] framework for determining whether cause exists, thereby requiring a court to examine certain factors, includ[es] (1) whether relief would result in partial or complete resolution of the issues, (2) the lack of any connection to or interference with the bankruptcy case, (3) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (4) whether the litigation would prejudice the interests of other creditors[,] (5) the interests of judicial economy and expeditious and economical resolution of the litigation, (6) whether the parties are ready for trial in the other proceeding, and (7) the impact of the stay on the parties and balance of harms.

*Fucilo*, 2002 WL 1008935, at *9, 2002 Bankr.LEXIS 475, at *27.

In this case, however, there is no need for Ms. Wood to obtain relief from the discharge injunction, because she was not listed as a creditor, and she had no notice of the bankruptcy case that would allow her to timely file a complaint requesting a determination of nondischargeability. Therefore, under § 523(a)(3)(B) and (c)(1), she can file a complaint at any time to determine nondischargeability. *See In re Candidus*, 327 B.R. 112, 117–18 (E.D.N.Y. 2005) ("[Because] it cannot be assumed that a particular debt is excepted under § 523(a)(3)(B) from a general discharge … a judicial determination in the nature of a declaratory judgment determining the dischargeability of the debt is required."). The dischargeability of debts is governed by 11 U.S.C.A. § 523, which provides, in material part:

(a) A discharge under section 727, … of this title does not discharge an individual debtor from any debt—

. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

. . . .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of discharge-

ability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; [or]

. . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

. . . .

(c)(1) Except as provided . . . , the debtor shall be discharged from a debt of a kind specified in paragraph . . . (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph . . . (6), as the case may be, of subsection (a) of this section.

11 U.S.C.A. § 523 (West 2004).

Generally, any complaint to determine the dischargeability of a debt alleged to have been incurred by the conversion of property under subsection (6) must be filed within sixty days from the date of the first meeting of creditors, and if a complaint is not filed prior to that deadline, the underlying debt is discharged. *See* 11 U.S.C.A. § 523(c)(1); FED. R. BANKR. P. 4007(c). An exception to this general rule, however, is set forth in § 523(a)(3)(B), which states that if a debt is fraud-based under § 523(a)(2), (4), or (6), and it was not listed or scheduled, and the creditor did not receive or have actual knowledge of the case in time to timely file a complaint to determine dischargeability that would have been successful, the debt is nondischargeable. *WebMD Practice Servs. v. Sedlacek (In re Sedlacek)*, 325 B.R. 202, 210 (Bankr.E.D.Tenn.2005) (citing *Jones v. Warren Constr. (In re Jones)*, 296 B.R. 447, 449 (Bankr. M.D.Tenn.2003)).[2]

▮▮▮ "A complaint other than under § 523(c) may be filed at any time [and without payment of a fee in a closed case]." FED. R. BANKR. P. 4007(b). Since

---

2. Ms. Wood has asserted that she is entitled to a nondischargeable judgment against the Debtor under § 523(a)(6) because he, along with Mr. Toole, willfully and maliciously injured her through their conversion of her houseboat. *See* 11 U.S.C.A. § 523(a)(6). In order to be successful under this subsection, Ms. Wood must prove, by a preponderance of the evidence, the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); *Grogan v. Garner*, 111 S.Ct. 654, 661, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (burden of proof as to nondischargeability actions). In other words, the Debtor must have either desired to cause the consequences of his actions, or he believed with reasonable certainty that such consequences would occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999); *Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr.E.D.Tenn.2002). In the Sixth Circuit, "unless the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Markowitz*, 190 F.3d at 464; *Kokenge*, 279 B.R. at 543 (citations omitted).

"An act of conversion may constitute willful and malicious injury depending on whether or not the debtor intended to cause the harm or was substantially certain that such harm would occur." *Sweeney v. Lombardi (In re Lombardi)*, 263 B.R. 848, 853 (Bankr. S.D.Ohio 2001). Under Tennessee law, conversion is an intentional tort and requires proof that a party appropriated another's property for his own use, by exercising dominion and control in exclusion or defiance of the owner's right to use and benefit from the property. *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836 (Tenn.Ct. App.1977). "[G]ood faith is generally immaterial." *Carmical v. Kilpatrick*, No. M2002–00346–COA–R3–CV, 2002 WL 31863293, at *5, 2002 Tenn.App. LEXIS 903, at *16 (Tenn. Ct.App. Dec.23, 2002) (quoting *Mammoth Cave Prod. Credit Ass'n*, 569 S.W.2d at 836).

there is no time limitation for filing a complaint under § 523(a)(3)(B), Ms. Wood is not required to obtain permission from the bankruptcy court to file her complaint in the state court, which has concurrent jurisdiction over dischargeability issues, because a "[§ ] 523(a)(3)(B) complaint as to nondischargeability of a debt can be brought any time, any place. 'In short, the penalty to the debtor for failing to schedule a fraud debt or otherwise inform the creditor of the bankruptcy is forfeiture of the right to enjoy exclusive federal jurisdiction and loss of the sixty-day limitations period applicable in the exclusive jurisdiction actions.' " *Sedlacek,* 325 B.R. at 210 (quoting *First Nat'l Ins. Co. of Am. v. Bartomeli (In re Bartomeli),* 303 B.R. 254, 269 (Bankr.D.Conn.2004)) (quoting *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin),* 179 B.R. 913, 924 (Bankr. E.D.Cal.1995)).

For the foregoing reasons, Ms. Wood's Motions, being unnecessary, will be denied. An order consistent with this Memorandum will be entered.