JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal assigned to the accelerated calendar pursuant to App. R. 11.1 and Loc. App. R. 11.1, defendants-appellants Thomas R. and Lisa M. Locke *Page 2 
appeal from the trial court order that awarded summary judgment to plaintiff-appellee Rita J. Calhoun on her complaint seeking payment on a $10,000.00 debt. Calhoun, proceeding pro se, has filed a notice of cross-appeal,[1] claiming the trial court should have awarded her prejudgment interest on the debt, plus an extra $3000.00 she incurred in order to provide the Lockes with the money.[2]
 {¶ 2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158; App. R. 11.1(E).
 {¶ 3} The Lockes argue that the evidence before the trial court demonstrated all their preexisting debts had been discharged on May 10, 2004, when the United States Bankruptcy Court for the Central District of California issued an order to that effect; therefore, the trial court lacked jurisdiction to decide they owed Calhoun any money. This court disagrees. "The bankruptcy courts and state courts have concurrent jurisdiction to determine the dischargeability of unscheduled debts."In re Candidus (2005), 327 B.R. 112, 119.
 {¶ 4} According to the record, Calhoun gave a check in the amount of $10,000.00 to the Lockes as a "loan," which they deposited to their local bank *Page 3 
account on November 11, 2003. The Lockes admitted they never repaid Calhoun for this loan.
 {¶ 5} On January 26, 2004 the Lockes, as California residents, filed for bankruptcy "under Chapter 7 of the United States Bankruptcy Code." The Lockes received a form from the bankruptcy court that indicated in pertinent part that a "discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debt are discharged if the debt existed on the date the bankruptcy case was filed * * *." Examples of "Debts That are Not Discharged" were provided; these included debts that were "in the nature of * * * support," and "debts that were not properly listed by the debtor."[3]
 {¶ 6} Calhoun filed the instant action on July 13, 2006, claiming that the Lockes "willfull[y] refus[ed] to repay" the debt. She provided the trial court with a copy of the check she gave the Lockes, and, later, in support of her motion for summary judgment, affidavits which proved the following: Calhoun was not included on the schedule of the Lockes bankruptcy creditors; Calhoun never received notice of the bankruptcy case in time to file a claim; in 2005, Thomas Locke acknowledged he and his wife owed Calhoun the money but had not included her on their list of bankruptcy creditors; the Lockes never repaid any portion of the loan. *Page 4 
 {¶ 7} Although the Lockes filed a brief in opposition to Calhoun's motion, they provided no evidence to support a conclusion that any portion of the debt they owed to Calhoun was either paid or properly discharged. In re Jenkins (2005), 330 B.R. 625; cf., In re Madaj
(6th Cir., 1998), 149 F.3d 467 (where parties agree debt was not fraudulently incurred, debt was discharged, whether or not it was scheduled).
 {¶ 8} Under these circumstances, the trial court committed no error in rendering summary judgment to Calhoun on her complaint. See, e.g.,Famous Supply Co. of Warren v. A. B. Cole, Inc., Trumbull App. No. 2000-T-0069, 2001-Ohio-8882; Contractors' Warehouse v. Omega Const.Solutions, Inc., Fairfield App. No. 02 CA 74, 2003-Ohio-1244, ¶ 27.
 {¶ 9} Accordingly, the Locke's assignment of error is overruled.
 {¶ 10} On cross-appeal, Calhoun argues the trial court should have awarded her an additional $3000.00, plus prejudgment interest. Her argument, however, lacks merit.
 {¶ 11} Calhoun never provided any evidence to the trial court either that she spent an additional $3000.00 in order to provide the loan, or that the Lockes agreed to repay any amount over the amount of the check.Famous Supply Co. of Warren v. A. B. Cole, Inc., supra. Furthermore, even had Calhoun filed a motion for prejudgment interest, which she did not, as a claim based upon an unpaid debt, Calhoun's action was not one that qualified for an award of prejudgment interest *Page 5 
pursuant to R.C. 1343.03(C). Cf., Pruszynski v. Reeves,117 Ohio St.3d 92, 2008-Ohio-510.
 {¶ 12} For the foregoing reasons, Calhoun's cross-appeal is denied.
 {¶ 13} The trial court's order is affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR.
[1] Ordinarily, this would preclude assignment to the accelerated calendar pursuant to Loc. App. R. 11.1(A)(1)(d).
[2] The Lockes filed a motion to dismiss Calhoun's cross-appeal only on the basis that a brief in support was not timely filed. Since this court granted Calhoun's request for leave to file her brief instanter, the Lockes' motion, logically, is denied.
[3] The documents reflect the bankruptcy court closed the Lockes' case on November 27, 2006. *Page 1