ELECTRONIC CITATION:  20012 FED App.0005P (6th Cir.)
File Name:  12b0005p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:  KELLIE WARD SMYTH, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KELLIE WARD SMYTH, | ) | |
| | ) | |
| Appellant, | ) | No. 11-8035 |
| | ) | |
| v. | ) | |
| | ) | |
| EDAMERICA, INC., et al., | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee, at Nashville.
No. 03-09280.

Decided and Filed: May 15, 2012

Before: FULTON, McIVOR, SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Thomas Richard Spradlin, Morristown, Tennessee, for Appellant.  Robert H. Waldschmidt, HOWELL & FISHER PLLC, Nashville, Tennessee, Russell E. Stair, Jonathan E. Nelson, BASS, BERRY & SIMS PLC, Knoxville, Tennessee, Laura L. McCloud, TENNESSEE ATTORNEY GENERAL'S OFFICE, Nashville, Tennessee, for Appellees.

---

**OPINION**

---

SHEA-STONUM, Bankruptcy Appellate Panel Judge.  Kellie Ward Smyth (the "Debtor") appeals from the bankruptcy court's order finding the Debtor's student loans had not been discharged in her no asset Chapter 7 case and denying the Debtor's motion to reopen her case to pursue an alleged violation of the discharge injunction by the holders of her student loans.

## I.   ISSUES ON APPEAL

The issue raised in this appeal is whether the bankruptcy court abused its discretion in denying the Debtor's motion to reopen her bankruptcy case.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States Bankruptcy Court for the Middle District of Tennessee has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court.  28 U.S.C. §§ 158(b)(6), (c)(1).  A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotations omitted).  A bankruptcy court's order denying a motion to reopen the debtor's bankruptcy case is a final and appealable order. *See, e.g., In re Staffer*, 306 F.3d 967, 971 (9th Cir. 2002).  The decision on a motion to reopen is committed to the sound discretion of the trial court and the reviewing court should not set aside the bankruptcy court's decision absent an abuse of discretion. *See In re Madaj*, 149 F.3d 467, 468 (6th Cir. 1998).  Therefore, findings of fact are not set aside unless clearly erroneous and matters of law are reviewed de novo. *See Id.* at 468.

## III.  FACTS

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 17, 2003. No student loan debts were listed in her voluntary petition for relief.  A notice of Chapter 7 Bankruptcy filing was sent to the creditors listed by the Debtor on her schedules.  The notice directed creditors not to file a proof of claim unless and until they receive further notification.

On October 16, 2003, the Debtor filed an amended  Schedule F which lists Edamerica as a creditor holding a student loan in the amount of $76,654.86.  On October 23, 2003, the bankruptcy court issued a general Chapter 7 discharge to the Debtor.  No adversary proceedings were commenced during the pendency of the Debtor's Chapter 7 case, and it is undisputed that no determination of undue hardship was requested of or made by the bankruptcy court.  On April 29, 2004, the Chapter 7 Trustee filed a no asset report, and thereafter, the bankruptcy court entered a final decree and closed the case on May 21, 2004.

On February 28, 2011, the Debtor filed a motion to reopen her Chapter 7 case, not to seek a discharge of her student loans, but to pursue sanctions and damages against the holder of her student loans for an alleged violation of the discharge injunction. Edamerica, Inc. and various other parties, including the guarantor of the Debtor's student loans, opposed the motion to reopen.  The bankruptcy court held a hearing on the motion to reopen.  At the conclusion of the hearing, the bankruptcy court denied the motion to reopen and entered an order in accordance with that ruling on April 29, 2011.  The Debtor timely filed this appeal.

## IV.  DISCUSSION

Section 350(b) provides that a bankruptcy court, in its discretion, may reopen a bankruptcy case to provide relief to the debtor or for other cause.  11 U.S.C. § 350(b).  A bankruptcy case should not be reopened if doing so is futile.  *In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn.2005). *See also Zirnhelt v. Madaj* (*In re Madaj*), 149 F.3d 467, 472 (6th Cir.1998) (case will not be reopened where the reopening will have no effect).  Here, the only reason the  Debtor seeks to reopen her case

is to obtain relief from what she alleges is a violation of the discharge injunction. The appellees argue that the relief sought by the Debtor is unavailable or futile.

The Debtor relies on *United Student Aid Funds v. Espinosa*, 130 S.Ct. 1367 (2010), for the proposition that her student loan was discharged by the entry of the general discharge order in her no asset Chapter 7 case. As noted by the bankruptcy court in its order denying the Debtor's motion to reopen, *Espinosa* is not applicable to a Chapter 7 case and does not provide the Debtor with a basis for the relief sought in her motion to reopen. *See also, In re Walker,* 427 B.R. 471, 479-80 (B.A.P. 8th Cir. 2010) (chapter 7 discharge order could not be construed as a final order determining the dischargeability of student loans). Student loans are not discharged in bankruptcy absent a determination of undue hardship in an adversary proceeding. *See* 11 U.S.C. § 523(a)(8) and Fed. R. Bankr. Pro. 7001(6).

In addition, Edamerica filed a motion for fees and costs pursuant to Fed. R. Bankr. Pro. 8020 (the "Motion for Costs"). Bankruptcy Rule 8020, which mirrors Fed. R. App. Pro. 38, provides, "If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appeal is frivolous "when the result is obvious or when the appellant's argument is wholly without merit." *Pieper v. Am Arbitration Assoc.,* 336 F.3d 458, 465 (6th Cir. 2003). Although the Panel finds the appeal is frivolous, the Panel declines to award sanctions in this instance because there is not a Sixth Circuit case addressing the precise substantive issue raised by Debtor in this appeal. *See Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999).

## V. CONCLUSION

The bankruptcy court did not abuse its discretion in denying the Debtor's motion to reopen. The decision of the bankruptcy court is AFFIRMED. The Motion for Costs is denied for the reasons stated above.